**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TANNIE LAROCCA | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION** |
| | : | **No** |
| v. | : | |
| | : | |
| DEPARTMENT OF JUSTICE | | |
| FEDERAL BUREU OF | | |
| INVESTIGATION | : | |
| | : | |
| **Defendant** | : | **PLAINTIFF REQUESTS A TRIAL** |
| | : | **BY JURY** |
| | : | |

**FIRST AMENDED COMPLAINT**

## I.    PRELIMINARY STATEMENT:

1.   This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Tannie LaRocca.  Plaintiff was an employee of Defendant, DEPARTMENT OF JUSTICE, who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2.   This action arises under the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act ("Title VII").

## II.    JURISDICTION AND VENUE

3.   The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on federal statute.

4.   The Eastern District of Pennsylvania has general jurisdiction over the Defendant, and specific jurisdiction over this matter as the events giving rise to the claim occurred in the Eastern District.

1

5.   Plaintiff has exhausted her administrative remedies by timely filing a charge with the Equal Employment Opportunity Commission, and files this claim timely after waiving her right to an administrative hearing.

### III.   **PARTIES**

6.   The Plaintiff herein is Tannie LaRocca, former employee of the Defendant.

7.   The Defendant herein is Department of Justice. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendant. At all times material herein, Defendant is and has been a "person" and "employer" as defined under the ADA and FMLA.

### IV.   **UNDERLYING FACTS**

8.   The Defendant, upon information and belief, employed 50 or more persons when the unlawful conduct alleged in this Complaint occurred.

9.   Defendant employed Plaintiff and at all relevant times, Plaintiff performed her job well.

10. In or around July of 2016, Plaintiff began to experience back pain as a result of her pregnancy. Plaintiff notified her supervisor of her condition.

11. On or around September 19, 2016, Plaintiff began her maternity leave. While in childbirth, the Plaintiff injured her back.

12. In or around October of 2016, Plaintiff informed Defendant of her back injury and applied for Defendant's voluntary leave transfer program. Plaintiff submitted all of the paperwork required for admittance to the program.

13. Shortly thereafter, Defendant and specifically supervisors of the Plaintiff began discriminating and retaliating against the Plaintiff.

14. In or around January of 2017, Plaintiff was told the extensive packet and paperwork she submitted for FMLA leave was missing.

15. Only after filing a complaint was Plaintiff informed the paperwork was found and her leave was approved.

16. In or around March of 2017, Plaintiff returned to work part time with restrictions due to her bac injury.

17. Shortly thereafter, Plaintiff was subjected to a campaign of harassment and retaliation at the hands of her direct supervisor.

18. Plaintiff filed multiple internal EEO complaints as well as an EEOC complaint due to the harassment.

19. In or around September of 2018, in a clear act of retaliation for her complaints, Plaintiff was put on a performance improvement plan.

20. Plaintiff's performance improvement plan ended in or around December of 2018. Plaintiff did not receive any issues during that time related to her employment.

21. In or around February of 2019, Plaintiff was informed she was suspended pending termination for failing her Performance Improvement Plan.

22. On or around February 14, 2019, Plaintiff applied for medical leave to obtain corrective surgery for her back.

23. On or around April 19, 2019, Plaintiff was told she was effectively terminated.

24. Plaintiff was terminated in violation of the Americans with Disabilities Act and Title VII of the Civil Rights Act.

## COUNT I

### DISCRIMINATION AND RETALIATION UNDER
### AMERICANS WITH DISABILITIES ACT

25. Paragraphs 1-24 are incorporated herein as if set forth at length.

26. Plaintiff qualified as disabled under the ADA because her medical condition interfered with multiple major life activities.

27. Plaintiff requested a reasonable accommodation of part time light duty work, as well as time off of work to recover from her medical condition, and time off of work to get corrective surgery.

28. After Plaintiff's disabilities and requests for accommodation, Plaintiff began being harassed, discriminated against, and terminated.

29. Plaintiff's termination violated the ADA in three ways.

30. First, Plaintiff was terminated because of her disability/perceived disability, in violation of the ADA.

31. Second, Plaintiff was terminated in retaliation for requesting a reasonable accommodation, in violation of the ADA.

32. Third, prior to her termination, Plaintiff was subjected to a harassing work environment in retaliation for her requests for reasonable accommodation.

33. Defendant, its upper-level managers, and supervisors all violated the ADA by terminating the Plaintiff.

## COUNT II

### DISCRIMINATION /RETALIATION UNDER

### TITLE VII OF THE CIVIL RIGHTS ACT

34. Paragraphs 1-34 are incorporated herein as if set forth at length.

4

35. Plaintiff became pregnant while working for the Defendant.

36. Along with seeking maternity leave, Plaintiff needed additional leave and accommodations due to a medical condition that developed related to childbirth.

37. As such, Plaintiff was protected from discrimination and retaliation in violation of the Pregnancy Discrimination Act's amendments to Title VII of the Civil Rights Act.

38. Plaintiff was subject to disparate treatment after her pregnancy, a form of discrimination made "because of" her sex.

39. Plaintiff was subject to discrimination and retaliation due to a medical condition that developed related to childbirth.

40. Defendant, its upper-level managers, and supervisors all violated Title VII by terminating the Plaintiff.

## **PRAYER FOR RELIEF**

41. Plaintiff incorporates paragraphs 1 through 44 as if set forth at length.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor against the Defendant, and order that:

A. Defendant compensate Plaintiff with back pay, at a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination and retaliation.

B. Defendant compensate Plaintiff with an award of front pay, if appropriate.

C. Defendant pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable.

D. Defendant pay to Plaintiff pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law.

E. Defendant shall eliminate all unlawful discriminatory practices as well as remedy the discriminatory effect of past practices and procedures.

F. The Court shall award such other relief as if deemed just and proper, in law and/or equity, including injunctive relief if the Honorable Court deems said relief appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

**MALAMUT & ASSOCIATES, LLC**

By. /s/ Mark R. Natale
Mark R. Natale, Esquire – no. 316939
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
mnatale@malamutlaw.com
*Attorneys for Plaintiff*

6